# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEARLEAN BRADLEY-HOOTSELL,**
   **Plaintiff,**

  v.                Case No. 11C0594

**WAUKESHA COUNTY DEPARTMENT**
**OF HEALTH SERVICES,**
   **Defendant.**

## ORDER

  Pro se plaintiff Jearlean Bradley-Hootsell alleges that Waukesha County Department of Health Services refused to hire her for a social worker position and instead hired a Caucasian woman who lacked the required educational background. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

  Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)"). Here, the heightened requirements of the Prison Litigation Reform Act do not apply. See West v. Macht, 986 F.Supp. 1141, (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission

of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Thus I will grant the motion to proceed in forma pauperis. However, for the reasons stated below I dismiss the complaint for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B).

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 781 (7th Cir.1999). To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint fails to do this because it does not explain why defendant refused to hire her. While it mentions that the woman that defendant hired was Caucasian, she does not identify her own race. Further, the complaint does not claim that defendant discriminated against her, let alone state the basis for the discrimination (i.e. race, religion, gender, etc. . .). In sum, the complaint merely alleges that defendant hired someone else. This is insufficient to state a claim upon which relief can be granted.

Ordinarily, when a complaint is dismissed based on a pleading defect, the court should give the plaintiff leave to file an amended complaint. See, e.g., Powers v. Snyder, 484 F.3d 929, 933 (7th Cir. 2007). Thus I will give plaintiff thirty days in which to file an amended complaint. If plaintiff chooses to file an amended complaint, I will review it as I have reviewed the original complaint and will dismiss it if it does not include allegations giving rise to a plausible inference of discrimination.

For the reasons stated,

**IT IS THEREFORE ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff has leave to file an amended complaint within thirty days of the date of this order.

**FINALLY, IT IS ORDERED** that plaintiff's motion to appoint counsel is **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of July 2011.

/s_____
LYNN ADELMAN
District Judge