# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JEARLEAN BRADLEY-HOOTSELL,**
        Plaintiff,

    v.                              Case No. 11-CV-00594

**WAUKESHA COUNTY DEPARTMENT
OF HEALTH SERVICES,**
        Defendant.

---

## DECISION AND ORDER

Plaintiff Jearlean Bradley-Hootsell is suing defendant Waukesha County Department of Health and Human Services[1] for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Before me now is defendant's motion to dismiss, or, in the alternative, for summary judgment.

Plaintiff is an African American female, and on January 9, 2006, she applied to be an Economic Support Specialist or Economic Support Supervisor with defendant. She was denied the position, and she alleges that the denial was on account of her race. As a result, on July 30, 2010, plaintiff filed a complaint alleging employment discrimination with the Equal Rights Division of the Wisconsin Department of Workforce Development ("ERD") and the Equal Employment Opportunity Commission ("EEOC").

In her complaint to the ERD, plaintiff stated that she had found out about race discrimination allegations against defendant in a newspaper article dated May 25, 2010.

---

[1] In her complaint, plaintiff incorrectly named the defendant as "Waukesha County Department of Health Services." Here, I use the correct name for the department.

Because of this article plaintiff thought that race discrimination might have played a role in her not getting the employment she sought in 2006. Defendant filed an answer asserting that plaintiff's complaint was untimely because it was filed more than 300 days after the alleged act of discrimination took place in 2006. Plaintiff responded by explaining that she was not aware she had a claim in 2006, and that she had only learned of her claim in January 2009 when Bernadine Matthews called her to inform her that Matthews had filed a complaint against defendant for racial discrimination. Based on this evidence, the administrative law judge ("ALJ") made a preliminary determination that plaintiff's complaint was untimely because, even if the statute of limitations had been tolled until January 2009, plaintiff filed her complaint more than 300 days after that date. Plaintiff challenged this preliminary determination, again stating that the "matter did not come to [her] attention until January 2009." (Aff. Mary E. Nelson Ex. 4, ECF No. 17.) The ALJ affirmed the earlier ruling.

Plaintiff then filed a petition for review with the Wisconsin Labor and Industry Review Commission ("LIRC"). In this petition, she stated for the first time that she had made an error and that her phone conversation with Matthews had actually occurred in January 2010. She claimed that the error could have been the result of a psychiatric condition she was suffering from, and she submitted a note from her doctor to that effect. The LIRC dismissed her claim finding that the change of story was self-serving and incredible. On April 27, 2011, the EEOC also sent Plaintiff a notice of dismissal stating that she had failed to file her claim in time and notifying her that she had 90 days from the time of the notice to file suit in federal court.

Plaintiff then filed a complaint in this court. Her original complaint, which I dismissed for failure to state a claim, again stated that she had learned of her claim "in 2009." (Pro Se Compl. 3, ECF No. 1.) However, in amending her complaint, she changed her story once more. She has now returned to her original claim, which is that she first discovered she had a claim, not from Matthews in January 2009 or 2010, but from a newspaper article in May 2010. She says that her earlier mistakes regarding the date of discovery were due to "a mental health breakdown." (Amended Compl. 1, ECF No. 6.)

Defendant moves to dismiss plaintiff's amended complaint or, in the alternative, for summary judgment on the ground that plaintiff's claim is barred by the statute of limitations. Summary judgment is appropriate if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement . . . without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 1603 (1999).

Assuming that the statute of limitations was tolled in this case, which is unlikely, plaintiff had 300 days from the date on which she first became aware that defendant was engaging in discriminatory practices to file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Sharp v. United Airlines*, 236 F.3d 368, 372 (7th Cir. 2001) (holding that the "discovery rule" applies to the accrual of the statute of limitations in Title VII cases). If her EEOC complaint was not timely filed, then she cannot pursue her claim for employment discrimination in this court. *Salas v. Wis. Dept. of Corrections*, 493

3

F.3d 913, 921 (7th Cir. 2007). Plaintiff filed her complaint with the EEOC on July 30, 2010. The question is whether she learned about her claim within 300 days of that date.

Plaintiff has changed her story about how and when she first learned about the possible discrimination against her several times. She claims that the reason for her inconsistency is that she had a mental problem which caused her to be "living the year of 2009 in 2010." (Pl.'s Req. for Ext. of Time 2, ECF No. 24.) This might explain why she confused January 2009 with January 2010 when proceeding before the ERD, but it does not explain why she again claimed in this court that she had learned of her claim in 2009. It also does not explain her confusion over the manner in which she learned about her claim. She cannot decide whether she learned about defendant's discrimination in a telephone call or from a newspaper article. As a result, I find that no reasonable fact finder could conclude that plaintiff's EEOC complaint was timely filed. She has repeatedly claimed that she learned of her claim in January 2009, and she has not provided a plausible explanation for why she would make that statement if it were not true. Therefore, I will grant defendant's motion for summary judgment.

I am also denying plaintiff's renewed motion to appoint counsel. Although civil litigants do not have a constitutional or statutory right to counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). The question is: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id.* I do not

believe that the presence of counsel would be likely to make a difference in the outcome of this case.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to appoint counsel [DOCKET #28] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [DOCKET #15] is **GRANTED**. The clerk shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 19th day of July 2012.

                                        s/ Lynn Adelman
                                        LYNN ADELMAN
                                        District Judge